JAMES' WALSH & CO. *et al.* v. H. H. CAMPBELL.

MORTGAGE—*Foreclosure—Fraudulent Conveyance—Demurrer to Evidence.* In an action on a promissory note and to foreclose a mortgage, wherein judgment creditors, who are made defendants, file a verified answer, containing a denial of all the material allegations of the petition, except as specially admitted, and then allege that the note and mortgage were executed with the intent to cover up property and defraud creditors, and the mortgagee had notice and knowledge of such fraudulent intent, and that the plaintiff in the

foreclosure suit, to whom the note and mortgage had been trans-
ferred, took said note and mortgage with knowledge of said intent,
and at the trial the note and mortgage are introduced, and the plain-
tiff below rests, and the defendants below demur to the evidence, the
trial court properly overruled the demurrer.

*Error from Pratt District Court.*

THE case is stated in the opinion.

*R. F. McGrew,* for plaintiffs in error:

The court erred in not sustaining the demurrer of plaintiffs
in error to the evidence of defendants in error.   The only al-
legation as to the transfer of said note to said H. H. Camp-
bell by said Maggie Carter is, that it was sold and transferred
on August 20, 1888, and that a copy is attached.   There is
no indorsement of any kind thereon.   The ownership of the
note under these allegations would be put in issue by a denial
not verified, and it would require proof of ownership.  *Wash-
ington v. Hobart,* 17 Kas. 275; *Pattie v. Wilson,* 25 id. 330.

But the answer of plaintiffs in error was verified, thereby
putting in issue any attempt of allegation of indorsement,
and cast the burden on plaintiff below, now defendant in er-
ror, and no evidence being introduced, it was error to over-
rule the demurrer.

No brief on file for defendant in error.

Opinion by SIMPSON, C.: Frank Carter, on the 16th day
of May, 1887, executed and delivered to his wife, Maggie
Carter, a promissory note for $8,000, payable one year after
date, with interest at 10 per cent. per annum from date.   On
the same day he executed and delivered a mortgage on a
number of town lots in the city of Pratt to secure the pay-
ment of the note.   On the 20th day of August, 1888, Mag-
gie Carter made a written assignment of this mortgage to the
defendant in error, H. H. Campbell.   The assignment was
recorded on the 21st day of August, 1888.   Campbell com-
menced an action to foreclose the mortgage in the Pratt dis-
trict court, and, among others, made James Walsh & Co.

and Ferdinand Westheimer & Sons, who were judgment creditors of Frank Carter, defendants in the foreclosure action. These judgment creditors filed verified answers, in which they denied every material allegation contained in the plaintiff's petition not hereinafter specially admitted. They plead their judgments, and admit that Frank Carter executed the note and mortgage sued upon, and that Maggie Carter is the wife of Frank, but claim that this note and mortgage were executed by Frank Carter for the sole purpose of covering up and concealing said property from the payment of his just debts, and for the purpose of cheating and defrauding his creditors; that Maggie Carter had notice and knowledge of such fraudulent intent, and that the plaintiff herein took said note and mortgage with notice and knowledge of the foregoing facts stated in the answer. Campbell filed a general denial as a reply. The case was tried by the court on the 8th day of May, 1889, without a jury. The plaintiff introduced the note and mortgage and rested. The plaintiffs in error filed a demurrer to the evidence for the reason that it was not sufficient to entitle him to recover in this action, and it was overruled.

While the plaintiffs in error filed a verified answer, containing a general denial of all the allegations contained in the petition of the defendant in error "not hereinafter specially admitted," they go on to state that the note and mortgage were executed; that they were so executed for the purpose of defrauding creditors; that the mortgagee had notice and knowledge of this intent; and that the defendant in error took said note and mortgage with notice and knowledge of the fraudulent intent. The allegations in this answer narrow the issues in the case to the question of fraudulent intent on the part of the mortgagor, and the knowledge of the mortgagee and her assignee of this intent. The execution of the note and mortgage and their transfer to the defendant in error are admitted, and, in the absence of any evidence on the part of the defendants below (plaintiffs in error here), the plaintiff below would have been entitled to a judgment on the pleadings. The in-

troduction of the note and mortgage was not necessary, and the demurrer to the evidence when they were introduced was properly overruled, as they proved nothing but what was already admitted by the pleadings.

We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.